IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL PUCKETT,

      Plaintiff,                                   CASE NO:

vs.

EDGEWATER ANIMAL
SHELTER, INC. and JANE DOE,

      Defendants.

### EDGEWATER ANIMAL SHELTER, INC.'S NOTICE OF REMOVAL

Defendant Edgewater Animal Shelter, Inc. ("Edgewater") gives notice of the removal to this Court of the case styled *Michael Puckett v. Edgewater Animal Shelter, Inc. and Jane Doe,* Case No. 2025-25303-CODL, filed in the County Court in the Seventh Judicial Circuit in and for Volusia County, Florida. As grounds for removal, Edgewater states as follows:

I.      Procedural History and Background

1. On September 16, 2025, Plaintiff filed a complaint for replevin against Edgewater in the County Court in the Seventh Judicial Circuit in and for Volusia County, Florida (the "State Court Action")

2. Plaintiff's claims arise out of the taking of his dogs by the Ormond Beach Police Department ("OBPD") upon Plaintiff's arrest. OBPD later delivered the dogs to Edgewater pursuant to city ordinances and a written agreement between

Edgewater and the City of Ormond Beach for Edgewater's acceptance of animals from the city.

3. Because Plaintiff was unable to pay Edgewater's impoundment fee, one of his dogs was adopted to a third party after nearly one month in OBPD/Edgewater's possession. Plaintiff's second dog was euthanized due to safety concerns.

4. Plaintiff's initial complaint was dismissed on October 8, 2025.

5. Plaintiff then filed a First Amended Complaint for replevin against Edgewater and Jane Doe.

6. Prior to any action being taken by the state court or Edgewater, Plaintiff filed a Second Amended Complaint, which included claims for conversion and intentional infliction of emotional distress against Edgewater.

7. After a hearing, Plaintiff's Second Amended Complaint was dismissed without prejudice on December 16, 2025.

8. On December 16, 2025, Plaintiff filed a Third Amended Complaint.

9. The Third Amended Complaint again seeks damages from Edgewater for intentional infliction of emotional distress and conversion. Plaintiff again seeks the return of the adopted dog from the animal's new owner through a claim for replevin against unidentified defendant Jane Doe. Finally, Plaintiff - for the first time - seeks declaratory judgment regarding: 1) the validity of the agreement between Edgewater and the City of Ormond Beach, Florida; 2) Edgewater's authority to refuse to return

Plaintiff's animals under applicable city ordinances; and 3) the interpretation of stray hold periods under the federal and Florida constitutions. A copy of the Third Amended Complaint is attached hereto as **Exhibit A.**

10. Count VI of the Third Amended Complaint is titled: "Declaratory Relief Regarding Constitutionally Interpreting Stray Hold Periods".

11. Plaintiff alleges, "it is imperative that the relevant ordinance [followed by Edgewater] *must be given a constitutional interpretation…*". Third Amended Complaint ¶ 157 (emphasis added).

12. Plaintiff further alleges, "Interpreting a stray hold period to require or allow forfeiture of an indigent dog owner's private property interest in his beloved pets when the owner is known and diligently attempted to reclaim his property *cannot be reconciled with the requirements of the Florida and Federal Constitution that property owners must be provided with due process before their property can be taken by the government or any agent acting on the government's behalf*." Third Amended Complaint ¶ 159 (emphasis added).

13. On December 28, 2025, in light of the filing of the instant Notice of Removal, Edgewater filed a Motion for Extension of Time to respond to the Third Amended Complaint.

## II. Legal Argument

A. The Court has Original Jurisdiction Over this Action Pursuant to 28 U.S.C. § 1331

14. This is a civil matter over which this Court has original jurisdiction under 28 U.S.C. § 1331, as the action arises under the Constitution and/or laws of the United States.

15. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

16. Plaintiff, in the Thid Amended Complaint, seeks a declaration from a court that the ordinance(s) followed by Edgewater, OBPD, and the City of Ormond Beach are unconstitutional, as they allegedly fail to provide property owners with due process before such owner's property can be taken by the government or the government's agent. *See* Third Amended Complaint ¶ 159. Plaintiff argues that Edgewater, OBPD, and the City of Ormond Beach's actions "cannot be reconciled with the requirements of the … Federal Constitution". *Id.*

17. Federal jurisdiction exists when a federal question is presented on the face of the properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)

18. Plaintiff has alleged a federal question in Count VI of the Third Amended Complaint; accordingly, this Court has original jurisdiction over the same.

19. Because Count VI of the Third Amended Complaint is substantially related to Counts I through V, this Court has supplemental jurisdiction over all claims in the pleadings. *See* 28 USC § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all

other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.")

20. Counts I through V of the Third Amended Complaint do not raise a novel or complex issue of state law; nor do they predominate over Count VI.

B. <u>Edgewater Has Satisfied All Procedural Requirements for Removal.</u>

21. In pertinent part, 28 U.S.C. § 1446 (Procedure for removal of civil actions) provides as follows:

> Except as provide in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §§ 1446(b)(3), (c)(3)(A).

22. Plaintiff's Third Amended Complaint (the first pleading to raise the issues of constitutionality or failure to provide Plaintiff with due process) was filed on December 16, 2025. Edgewater's Notice of Removal has been filed well before the expiration of the 30-day time period. Thus, removal is timely.

23. The County Court of the Seventh Judicial Circuit in and for Volusia County, Florida, lies geographically within the United States District Court for the Middle District of Florida, Orlando Division. Therefore, venue in this Court is proper. 28 U.S.C. § 1446(a).

24. Copies of all process, pleadings, and orders served on Edgewater are attached as Exhibit B hereto.

25. A copy of this Notice will be filed with the State Court and served on Plaintiff's counsel by email via the Florida Courts e-filing portal.

**WHEREFORE**, Defendant, Edgewater Animal Shelter, Inc., removes this action from the County Court of the Seventh Judicial Circuit in and for Volusia County, Florida to this Honorable Court and respectfully requests that this Honorable Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1331.

Respectfully submitted this 28th day of December, 2025.

/s/ Stephanie M. Boomershine
Stephanie M. Boomershine
Florida Bar No.:  0046667
Bogin, Munns & Munns, P.A.
1000 Legion Place
Suite 1000
Orlando FL 32801
Tel: (407) 578-1334
Fax: (407) 578-2181
sboomershine@boginmunns.com
Counsel for Edgewater Animal Shelter, Inc.

CERTIFICATE OF SERVICE

I certify that on December 28, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court through the the CM/ECF system. I further certify that the foregoing was sent by Marcy LaHart counsel for Plaintiff, via email at marcy@floridaanimallawyer.com.

/s/ Stephanie M. Boomershine
Stephanie M. Boomershine