**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL PUCKETT,

Plaintiff,

v. Case No. 6:25-cv-2487-RBD-LHP

EDGEWATER ANIMAL SHELTER, INC.; and JANE DOE,

Defendants.

---

# ORDER

Before the Court is Plaintiff's motion for remand (Doc. 9).

Plaintiff, Michael Puckett, seeks the return of his dog from Defendant Edgewater Animal Shelter, Inc. ("EAS") after the Ormond Beach Police Department arrested him, seized his dogs, and turned them over to EAS. (*See* Doc. 1-1.) EAS euthanized one dog and adopted the other out. (*Id.* at ¶¶ 53–54.) Plaintiff sued Defendants in state court for (1) replevin; (2) conversion; (3) intentional infliction of emotional distress; (4) declaratory relief regarding the validity of relevant contracts; (5) declaratory relief regarding EAS's authority to refuse to return his dogs; and (6) declaratory relief regarding the proper interpretation of the stray hold period. (*Id.* ¶¶ 92–159.) In his argument in Count VI regarding the proper interpretation of the stray hold period, Plaintiff asserted

that his interpretation was correct because it was the only constitutional interpretation. (*Id.* ¶¶ 156–59.) Defendants removed based on federal question jurisdiction, arguing that the Complaint's passing references to the Florida and federal Constitutions in Count VI established federal question jurisdiction. (Doc. 1, ¶¶ 16–19.) Plaintiff now moves to remand, arguing that these passing references do not confer federal question jurisdiction.[1] (Doc. 9.) Defendants oppose. (Doc. 16.)

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Only state law claims whose resolution turns on a "substantial" federal question may establish federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A passing reference to a federal

[1] Plaintiff also argues that he already dismissed Count VI—the only claimed basis for federal question jurisdiction—before Defendants removed the case. (Doc. 9, pp. 10–11.) Defendants argue the dismissal was faulty. (Doc. 16, pp. 9–10.) But even if Count VI remains in the Complaint, the Court finds it fails to confer federal question jurisdiction as stated below. So this argument is inapposite.

issue is insufficient. *Madzimoyo v. The Bank of N.Y. Mellon Tr. Co.*, 440 F. App'x 728, 731 (11th Cir. 2011). And any doubts about jurisdiction should be resolved in favor of remand. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Here, no substantial federal question is presented on the face of Plaintiff's Complaint. Unlike Defendants' assertion, Count VI does not seek to declare city ordinances unconstitutional; it requests a declaration that the city ordinances "did not authorize or require forfeiture of [Plaintiff's dogs to EAS]." (Doc. 1-1, p. 24.) The only references to the Constitution arise in the context of Plaintiff's assertion that interpreting the ordinances otherwise would be unconstitutional. (*See id.* ¶¶ 156–59.) These passing references are insufficient to create federal question jurisdiction. *See Merrell Dow*, 478 U.S. at 813; *Madzimoyo*, 440 F. App'x at 731. The face of Plaintiff's Complaint demonstrates that he only asserts state law claims whose resolution does not turn on a substantial federal question. *See Caterpillar*, 482 U.S. at 392; *Grable*, 545 U.S. at 312; *Diaz*, 85 F.3d at 1506 (remand proper where state law claims did not "hinge" on resolution of federal issue). So Defendants have failed to establish subject matter jurisdiction, and the case is due to be remanded.[2]

[2] Plaintiff seeks fees (Doc. 9, pp. 11–12), but "[a]bsent unusual circumstances," courts only award fees "where the removing party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Even though the Court disagrees that the Complaint presents a substantial federal question, the Court does not find Defendants lacked an objectively reasonable basis for believing removal to be proper. So the Court declines to award

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's motion to remand (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**:

    a. The motion is **GRANTED** in that this case is **REMANDED** to the County Court of the Seventh Judicial Circuit in and for Volusia County, FL.

    b. The motion is **DENIED** as to the request for fees.

2. Defendants' motion to dismiss (Doc. 25) is **DENIED AS MOOT**.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 29, 2026.

ROY B. DALTON, JR.
United States District Judge

---

fees.